**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Eric L. Powell Sr. | CHAPTER 13 |
| Debtor(s) | |
| | |
| FREEDOM MORTGAGE CORPORATION | |
| Movant | |
| vs. | NO. 20-11347 AMC |
| | |
| Eric L. Powell Sr. | |
| Debtor(s) | |
| | |
| William C. Miller Esq. | 11 U.S.C. Section 362 |
| Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's

residence is **$4,886.40,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 2020 through November 2020 at $796.15 |
| | December 2020 at $801.07 |
| Suspense Balance: | $691.57 |
| **Total Post-Petition Arrears** | **$4,886.40** |

2.      The Debtor(s) shall cure said arrearages in the following manner:

a) Within seven (7) days of the filing of this Stipulation, Debtor(s) shall tender a

down payment of **$1,000.00.**

b) Beginning on January 1, 2021 and continuing bi-weekly through February 26,

2021, Debtor(s) shall pay an installment payment in the amount of $800.00 for the first four

payments and a final installment payment on or before February 26, 2021 in the amount of $686.40

for a total amount of $3,886.40, representing the remaining post-petition arrears listed above.

c) Beginning on January 1, 2021 and continuing thereafter, Debtor shall make the regular monthly payment of $801.07 (or as adjusted pursuant to the terms of the loan documents) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month) at the address below:

Freedom Mortgage Corporation
10500 Kincaid Blvd.
Fishers, IN 46037-9764

3.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.      In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:   12/14/2020              /s/Rebecca A. Solarz, Esq._____
                                Rebecca A. Solarz, Esq.
                                Attorney for Movant



Date: 12/22/20                 *Jeanne Marie Cella, Esq.*
                                Jeanne Marie Cella Esq.
                                Attorney for Debtor(s)



Date:   12/23/2020             /s/ Jack Miller, Esquire, for
                               _____
                                William C. Miller Esq.
                                Chapter 13 Trustee




Approved by the Court this ___ day of _____, 2020.  However, the court retains
discretion regarding entry of any further order.



                                _____
                                Bankruptcy Judge
                                Ashely M. Chan